SHIRLEY H. MANN vs. ROGERS C. SUMNER et al.

Androscoggin.    Opinion June 8, 1922.

*Legal title sustained as against alleged prescriptive title.*

The plaintiff claimed title to 17/18 of the tract of land described in his writ and by virtue of his quit-claim deeds. The defendants claimed color of title under their unsealed warrantee deed, and under such color of title they claimed to have gained a prescriptive title to the whole tract.

The presiding Justice to whom the cause was submitted without the intervention of a jury found that the plaintiff had the better legal title to what his deeds covered and awarded him 17/18 of the lot.

A careful examination of the record fully warrants the conclusion at which the Justice arrived.

On exceptions by defendants. This is a real action for the possession of certain real estate situate in the town of Leeds. The case was heard by the presiding Justice without a jury. Both parties claimed title under one Reuben Ridley. The plaintiff claiming title under certain quit-claim deeds from the heirs of Reuben Ridley of 17/18 of the parcel described in the writ. The defendants claimed title, as heirs of Joshua H. Sumner, under a deed given by Reuben Ridley to Joshua H. Sumner and Jeremiah Day, which was without a seal, and was admitted in evidence for the purpose of giving color of title, as bearing upon the question of prescriptive title claimed by defendants. The presiding Justice ruled against the contentions of the defendants, and found that the plaintiff had the better legal title to what his deeds covered and awarded him 17/18 of the lot. Defendants excepted. Exceptions overruled.

The case is stated in the opinion.

*Frank O. Purington and Harry Manser,* for plaintiff.

*William H. Newell and Benjamin L. Berman,* for defendants.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, WILSON, JJ.

SPEAR, J. This case was heard by the presiding Justice without the intervention of a jury.

It involves a real action for the possession of certain real estate definitely described in quit-claim deeds to the plaintiff by the heirs of one Reuben Ridley. The defendants claim title under the same Reuben Ridley, upon an instrument purporting to be a warrantee deed, but being devoid of a seal, was ineffective to convey title, as found by the presiding Justice. *McLaughlin* v. *Randall*, 66 Maine, 226, *Jewell* v. *Harding*, 72 Maine, 124, *Brown* v. *Dicky*, 106 Maine, 97. The deed was admitted, however, for the purpose of showing color of title in the defendant. The case as presented established three contentions: (1) That the plaintiff claimed title to 17/18 of the tract described in his writ and by virtue of his quit-claim deeds. (2) That the defendants claimed color of title under their warrantee deed. (3) That, under color of the title, they have gained a prescriptive title to the whole tract. Accordingly the issue is narrowed down to the question of whether the defendants proved a prescriptive title. Otherwise the plaintiff, upon his deeds would show a better legal title.

The presiding Justice found that the plaintiff had the better legal title to what his deeds covered and awarded him 17/18 of the lot.

To this finding the defendants except upon the ground that: "The Presiding Justice ruled that the testimony as to possession and acts. done by Joshua H. Sumner, failed to show such requisite continuity of possession for twenty years, as the law required to perfect a title by prescription to the land in suit." The only question raised by the exceptions is whether there was any substantial evidence upon which the presiding Justice based his finding.

As his decision was in the negative, that there was not sufficient evidence to establish the requisite continuity of possession for twenty years, it is necessary to discover whether there is any substantial evidence to prove the fact of such continuity.

A careful examination of the record shows the negative and fully warrants the conclusion at which the Justice arrived.

*Exceptions overruled.*